IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| DON A. (JAKE) WADE, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | 1-15-CV-1086 RP |
| | § | |
| HOUSEHOLD FINANCE | § | |
| CORPORATION III, | § | |
| | § | |
| Defendant. | § | |

## ORDER

Before the Court are Defendant Household Finance Corporation III's Motion to Dismiss and Brief in Support, filed December 2, 2015 (Clerk's Dkt. #3); Plaintiff's Motion to Remand and Continued Judicial Notice of Fraud on the Court, filed December 18, 2015 (Clerk's Dkt. #7) and the responsive pleadings thereto. After reviewing the pleadings, relevant case law, as well as the entire case file, the Court issues the following order.

### I. BACKGROUND

On July 30, 2015 Plaintiff Don A. Wade filed this action in the 421st Judicial District Court of Caldwell County, Texas. Plaintiff named as sole defendant Household Finance Corporation III ("HFC"). Defendant thereafter removed the action to this court.

By way of his amended and original state court petitions, Plaintiff alleges he and Shelley Wade entered into a mortgage with HFC on real property located at 596 Boulder Lane, Dale, Texas ("the Property"). According to Plaintiff, the Property at issue is a 34.69 acre tract of land, but HFC incorrectly attached a description of a 90 acre tract from older public records to the mortgage paperwork. Although not precisely clear, apparently HFC subsequently sought to foreclose on its interest in the Property. Plaintiff states HFC obtained an Order to Proceed with Notice of

Foreclosure Sale and Foreclosure sale from a Caldwell County judge on November 23, 2009.[1]

Plaintiff alleges HFC executed a foreclosure sale on the Property on December 2, 2014. Plaintiff further alleges HFC subsequently sued him for forcible detainer, and both the Justice of the Peace and Caldwell County Court judge ruled in HFC's favor.

Plaintiff asserts the Order of Foreclosure, and resulting sale, are invalid for a number of reasons. First, he contends the mistake in identification of the Property rendered HFC without standing to sue for foreclosure on the Property and the order is thus without jurisdictional foundation. Second, Plaintiff asserts HFC's foreclosure was barred by laches as it occurred more than five years after HFC obtained the Order to Foreclose. Finally, Plaintiff claims HFC waited more than four years after accelerating his mortgage to foreclose, and was thus barred by the applicable statute of limitations.

Defendant filed a motion to dismiss Plaintiff's complaint, arguing Plaintiff's claims are barred by the doctrines of res judicata and collateral estoppel, and because the complaint fails to state a claim. Plaintiff has now filed a motion seeking to remand this action back to Texas state court, contending this Court lacks jurisdiction. The parties have filed responsive pleadings and the motions are ripe for determination. The Court will address the motions in reverse order.

## II.  MOTION TO REMAND

**A.    Standard of Review**

A case may be removed to federal court if the action is one over which the federal court possesses subject matter jurisdiction. 28 U.S.C. § 1441(a). When the propriety of removal is challenged, the burden of establishing federal jurisdiction is on the party who removed the action. *Miller v. Diamond Shamrock Co.*, 275 F.3d 414, 417 (5th Cir. 2001); *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 921-22 (5th Cir. 1997).

---

[1] In his pleadings Plaintiff states the order was issued on November 23, 2015. However, the copy of the order attached to Plaintiff's pleadings reflects that the order was issued on November 23, 2009.

Generally, a federal court has jurisdiction over a case in two circumstances. The first, known as federal question jurisdiction, exists if a case is "founded on a claim or right arising under the Constitution, treaties or laws of the United States." 28 U.S.C. § 1441(b). Implementation of this statute is controlled by the well-pleaded complaint rule. This rule provides that a "properly pleaded complaint governs the jurisdictional determination and if, on its face, such a complaint contains no issue of federal law, then there is no federal question jurisdiction." *Aaron v. Nat'l Union Fire Ins. Co.*, 876 F.2d 1157, 1160-61 (5th Cir. 1989). Stated differently, removal is proper if the complaint establishes: (1) federal law creates the cause of action; or (2) federal law is a necessary element of one of the well-pleaded claims. *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808-09, 108 S. Ct. 2166, 2173-74 (1988); *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28, 103 S. Ct. 2841, 2856 (1983).

The second circumstance in which a federal court has jurisdiction is generally known as diversity jurisdiction. A suit between diverse parties may be adjudicated in a federal forum only if "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The party seeking to invoke federal diversity jurisdiction bears the burden of establishing both that the parties are diverse and that the amount in controversy exceeds $75,000. *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998). *See also De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995) (removing party bears burden of showing existence of federal jurisdiction and propriety of removal).

**B.   Discussion**

Plaintiff argues this case was improperly removed and should be remanded because this Court lacks jurisdiction. He maintains that the Property is located in Texas, the foreclosure proceedings initiated by Defendant relied on the Texas Rules of Civil Procedure, the mortgage on the Property is governed by the Texas Constitution, and Defendant's wrongful acts were

3

perpetrated via Texas state courts.

Plaintiff's argument misunderstands the basis on which Defendant removed this action. Defendant did not remove this action on the basis that federal law gives rise to any of the claims at issue in this case. Rather, Defendant removed this case to federal court on the basis of diversity of citizenship. Defendant states it is a corporation organized and incorporated in Delaware with its principal office in Illinois and is thus a citizen of Delaware and Illinois. *See* 28 U.S.C. § 1332(c)(1) (corporation deemed citizen of state of incorporation and where it has principal place of business). Plaintiff is a resident of Texas. There is thus complete diversity of citizenship between the parties. The Property was assessed for tax purposes at a value of $82,901 in 2015. (Not. of Remov. Ex. F).

Because the parties are wholly diverse in citizenship and the amount in controversy exceeds $75,000, removal of this action was not improper. Accordingly, Plaintiff's motion to remand is without merit and properly denied.

### III.  MOTION TO DISMISS

**A.     Standard of Review**

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6) the complaint must be liberally construed in favor of the plaintiff and all facts pleaded therein must be taken as true. *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). Although Federal Rule of Civil Procedure 8 mandates only that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief," this standard demands more than unadorned accusations, "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement." *Bell Atl. v. Twombly*, 550 U.S. 544, 555-57 (2007). Rather, a complaint must contain sufficient factual matter, accepted as true, to

"state a claim to relief that is plausible on its face." *Id.* at 570. The Supreme Court has made clear this plausibility standard is not simply a "probability requirement," but imposes a standard higher than "a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 456 U.S. 662, 678 (2009). The standard is properly guided by "[t]wo working principles." *Id*. First, although "a court must accept as true all of the allegations contained in a complaint," that tenet is inapplicable to legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, in considering a motion to dismiss, the court must initially identify pleadings that are no more than legal conclusions not entitled to the assumption of truth, then assume the veracity of well-pleaded factual allegations and determine whether those allegations plausibly give rise to an entitlement to relief. If not, "the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. (quoting FED. R. CIV. P. 8(a)(2)).

**B.    Discussion**

Defendant has moved to dismiss Plaintiff's complaint as barred by the doctrines of res judicata and collateral estoppel, and because the complaint fails to state a claim. Because the Court finds res judicata bars this action, only that argument need be addressed.

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "[R]es judicata encompasses two separate but linked preclusive doctrines: (1) true res judicata or claim preclusion and (2) collateral estoppel or issue preclusion." *Comer v. Murphy Oil USA, Inc.*, 718 F.3d 460, 466–67 (5th Cir. 2013). True res judicata "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit," while

5

collateral estoppel "precludes relitigation of only those issues actually litigated in the original action, whether or not the second suit is based on the same cause of action." *Houston Prof'l Towing Ass'n v. City of Houston*, __ F.3d __, 2016 WL 456541, at *2-3 (5th Cir. Feb. 3, 2016) (internal citations omitted).

The basis for HFC's contention that this case is barred by res judicata is the prior lawsuit filed by Plaintiff in Texas state court on February 6, 2015 ("Prior Suit"). The Prior Suit was removed to this Court on March 16, 2015 and styled as *Don A. Wade v. Household Finance Corporation*, Cause No. 1:15-CV-210. On June 4, 2015, the Court entered final judgment in the Prior Suit, dismissing Plaintiff's claims with prejudice. HFC contends the Prior Suit is preclusive of the claims and issues raised in this suit.

"Res judicata 'has four elements: (1) the parties are identical or in privity; (2) the judgment in the prior action was rendered by a court of competent jurisdiction; (3) the prior action was concluded by a final judgment on the merits; and (4) the same claim or cause of action was involved in both actions.'" *Comer*, 718 F.3d at 467 (quoting *Test Masters Educ. Servs., Inc. v. Singh*, 428 F.3d 559, 571 (5th Cir. 2005)). The Court has little trouble concluding the first three elements are met here.

As to the fourth element, the Fifth Circuit applies a transactional test to determine "whether two suits involve the same claim or cause of action." The transactional test focuses on whether the two cases "are based on the same nucleus of operative facts." *United States v. Davenport*, 484 F.3d 321, 326 (5th Cir. 2007) (internal quotation omitted). In the Prior Suit, as in this action, Plaintiff asserted claims relating to HFC's mortgage on the Property. In pertinent part, he claimed HFC breached the mortgage contract in foreclosing on the Property, wrongfully foreclosed on the Property, improperly described the Property in the mortgage documents, and misled him concerning the nature of the property pledged to secure the mortgage.

It is clear that both this suit, and the Prior Suit, are based on the same loan that Plaintiff

obtained in 2005 from HFC.  In both this suit and the Prior Suit, Plaintiff challenged HFC's standing to foreclose and the legality of foreclosure on the Property.  Although the two suits do not raise identical claims, the claims clearly arise from the same nucleus of operative facts.  Accordingly, the claims in this action are barred by the doctrine of res judicata.  *See Warren v. Mortgage Elec. Registration Sys., Inc.*, 616 F. App'x 735, 738 (5th Cir. 2015) (subsequent case based on same mortgage loan, raising same challenges to assignment and constitutionality of loan as prior suit, barred by res judicata); *Maxwell v. U.S. Bank Nat'l Ass'n*, 544 F. App'x 470, 472-73 (5th Cir. 2013) (subsequent case raising claims based on foreclosure proceedings barred by res judicata effect of prior case challenging defendants' legal standing to foreclose).

## IV.  CONCLUSION

The Court hereby **DENIES** Plaintiff's Motion to Remand and Continued Judicial Notice of Fraud on the Court (Clerk's Dkt. #7) and hereby **GRANTS** Defendant Household Finance Corporation III's Motion to Dismiss (Clerk's Dkt. #3).

**SIGNED** on February 9, 2016.

ROBERT L. PITMAN
UNITED STATES DISTRICT JUDGE